UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

        - v. -

ALI HAMILTON,
    a/k/a "Smiley,"
JEAN BAPTISTE LESSAGE,
    a/k/a "Usher,"
DAVID BUCKHANON,
    a/k/a "Mase,"
JAMMAL LINDO,
    a/k/a "Poppy,"
    a/k/a "Ghost,"
MAURICE SIMMONS,
    a/k/a "Momoneybagz,"
NORMAN EDWARDS,
    a/k/a "Hollywood,"
JALEEL BARON,
    a/k/a "Jah,"
    a/k/a "Youngin," and
KYLE MULLINGS,
    a/k/a "Kase,"

           Defendants.
- - - - - - - - - - - - - - - - - x

**SEALED SUPERSEDING INDICTMENT**

S2 15 Cr. 854 (LTS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

## COUNT ONE
(Racketeering Conspiracy)

The Grand Jury charges:

### The Enterprise

1. At all times relevant to this Indictment, ALI HAMILTON, a/k/a "Smiley," JEAN BAPTISTE LESSAGE, a/k/a "Usher," DAVID BUCKHANON, a/k/a "Mase," JAMMAL LINDO, a/k/a "Poppy," a/k/a "Ghost," MAURICE SIMMONS, a/k/a "Momoneybagz," NORMAN EDWARDS, a/k/a "Hollywood," JALEEL BARON, a/k/a "Jah," a/k/a

"Youngin," and KYLE MULLINGS, a/k/a "Kase," the defendants, and others known and unknown, were members and associates of the Beach Avenue Crew, ("Beach Avenue Crew" or the "Enterprise"), a criminal organization whose members and associates engaged in, among other activities, narcotics trafficking and acts involving murder. The Beach Avenue Crew operated principally in and around the Bronx, New York.

2. The Beach Avenue Crew, including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise. At all times relevant to this Indictment, the Enterprise has engaged in, and its activities affected, interstate and foreign commerce. The defendants participated in the operation and management of the Enterprise and participated in unlawful and other activity in furtherance of the conduct of the Enterprise's affairs.

3. From at least in or about 2009 up to and including in or about February 2017, members and associates of the Beach Avenue Crew were engaged in a series of violent disputes with rival street gangs hailing from Taylor Avenue in the Bronx (the

2

"Taylor Avenue Crew"), Leland Avenue in the Bronx (the "Leland Avenue Crew"), and the Parkchester Apartment housing complex in the Bronx (the "Parkchester Crew"), as well as with an individual based on Archer Street in the Bronx ("Rival-1") (collectively, the "Rivals"). During these disputes, members and associates of the Beach Avenue Crew committed multiple shootings and assaults against their Rivals.

4. Members and associates of the Beach Avenue Crew sold cocaine base, commonly known as "crack cocaine," primarily in and around Beach Avenue in the Bronx, New York. The Beach Avenue Crew controlled crack cocaine sales within this area by prohibiting and preventing non-members, outsiders, and rival narcotics dealers from distributing crack cocaine in the area controlled by the Enterprise.

5. Certain members and associates of the Beach Avenue Crew committed and agreed, attempted, and threatened to commit acts of violence to protect and expand their drug trafficking operation and to protect fellow members and associates of the Enterprise. These acts of violence included acts involving murder and assault intended either to protect the Enterprise's drug territory, retaliate against members of rival gangs who had encroached on the territory controlled by the Enterprise, or to otherwise promote the standing and reputation of the Beach Avenue Crew amongst rival gangs.

3

## Purposes of the Enterprise

6. The purposes of the Enterprise included the following:

   a. Preserving and protecting the power, territory, and profits of the Enterprise through murder, attempted murder, and other acts of violence, and threats of violence.

   b. Promoting and enhancing the Enterprise and the activities of its members and associates.

   c. Keeping victims and potential victims in fear of the Enterprise and its members and associates through acts and threats of violence.

   d. Providing assistance to members and associates who committed crimes for and on behalf of the gang.

   e. Enriching the members and associates of the Enterprise through, among other things, the distribution and sale of narcotics, including crack cocaine.

   f. Protecting the enterprise and its members and associates from detection and prosecution by law enforcement authorities through acts of intimidation and violence against potential witnesses to crimes committed by members of the enterprise.

Means and Methods of the Enterprise

7. Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the Enterprise were the following:

    a. Members and associates of the Enterprise committed, conspired, attempted, and threatened to commit acts of violence, including acts involving murder, to protect and expand the Enterprise's criminal operations, and in connection with the rivalries with members of other street gangs and other narcotics dealers.

    b. Members and associates of the Enterprise used threats of violence and physical violence against other members and associates to enforce and maintain discipline within the Enterprise.

    c. Members and associates of the Enterprise committed, conspired, attempted, and threatened to commit acts of violence, including acts involving murder, against rival gang members and other individuals adverse to the Enterprise.

    d. Members and associates of the Enterprise promoted and celebrated the criminal conduct of the enterprise, namely the narcotics distribution, acts involving violence, and firearm usage, in music and on social media websites such as YouTube and Facebook.

   e. Members and associates of the Enterprise obtained, possessed, and used firearms.

   f. Members and associates of the Enterprise distributed controlled substances, including crack cocaine.

<u>The Racketeering Conspiracy</u>

   8. From at least in or about 2009, up to and including in or about February 2017, in the Southern District of New York and elsewhere, ALI HAMILTON, a/k/a "Smiley," JEAN BAPTISTE LESSAGE, a/k/a "Usher," DAVID BUCKHANON, a/k/a "Mase," JAMMAL LINDO, a/k/a "Poppy," a/k/a "Ghost," MAURICE SIMMONS, a/k/a "Momoneybagz," NORMAN EDWARDS, a/k/a "Hollywood," JALEEL BARON, a/k/a "Jah," a/k/a "Youngin," and KYLE MULLINGS, a/k/a "Kase," the defendants, and others known and unknown being persons employed by and associated with the enterprise described in Paragraphs One through Seven of this Indictment, to wit, the Beach Avenue Crew, knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Section 1962(c) of Title 18, United States Code, that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Beach Avenue Crew, which was engaged in, and the activities of which affected, interstate and foreign commerce, through a pattern of racketeering activity consisting of:

   a. multiple acts involving murder, chargeable under the following provisions of state law, namely, New York Penal Law Sections 20.00, 110.00, 105.15, and 125.25; and

   b. multiple offenses involving the distribution of controlled substances, including crack cocaine, in violation of laws of the United States, namely Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A), and 846, and Title 18, United States Code, Section 2.

  9. It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

Notice of Special Sentencing Factors

  10. From at least in or about 2009, up to and including in or about February 2017, in the Southern District of New York and elsewhere, ALI HAMILTON, a/k/a "Smiley," JEAN BAPTISTE LESSAGE, a/k/a "Usher," DAVID BUCKHANON, a/k/a "Mase," JAMMAL LINDO, a/k/a "Poppy," a/k/a "Ghost," MAURICE SIMMONS, a/k/a "Momoneybagz," NORMAN EDWARDS, a/k/a "Hollywood," JALEEL BARON, a/k/a "Jah," a/k/a "Youngin," and KYLE MULLINGS, a/k/a "Kase," the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

7

11. It was a part and an object of the conspiracy that ALI HAMILTON, a/k/a "Smiley," JEAN BAPTISTE LESSAGE, a/k/a "Usher," DAVID BUCKHANON, a/k/a "Mase," JAMMAL LINDO, a/k/a "Poppy," a/k/a "Ghost," MAURICE SIMMONS, a/k/a "Momoneybagz," NORMAN EDWARDS, a/k/a "Hollywood," JALEEL BARON, a/k/a "Jah," a/k/a "Youngin," and KYLE MULLINGS, a/k/a "Kase," the defendants, and others known and unknown, would and did distribute and possess with intent to distribute 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(A), and 846.

(Title 18, United States Code, Section 1962(d).)

**COUNT TWO**
**(Assault and Attempted Murder in Aid of Racketeering Activity)**

The Grand Jury further charges:

12. At all times relevant to this Indictment, the Beach Avenue Crew, as more fully described in Paragraphs One through Seven of this Indictment, which are realleged and incorporated by reference as though set forth fully herein, including its leadership, its membership, and its associates, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact which was engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an

ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

13. At all times relevant to this Indictment, the above-described Enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder in violation of the laws of New York State, and offenses involving drug trafficking in violation of 21 U.S.C. §§ 812, 841, and 846.

14. On or about May 5, 2015, in the Southern District of New York, ALI HAMILTON, a/k/a "Smiley," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Beach Avenue Crew, and for the purpose of gaining entrance to and maintaining and increasing position in the Beach Avenue Crew, an enterprise engaged in racketeering activity, as described above, intentionally and knowingly assaulted individuals with a dangerous weapon; attempted to murder individuals; and aided and abetted the same, to wit, HAMILTON, the defendant, shot at a member of the Leland Avenue Crew, resulting in bodily injury to one victim, in the vicinity of 1512 Leland Avenue, Bronx, New York, and aided and

abetted the same, in violation of New York Penal Law, Sections 20.00, 125.25, 120.05, and 110.00.

(Title 18, United States Code,
Sections 1959(a)(3), 1959(a)(5), and 2.)

## COUNT THREE
(Assault and Attempted Murder in Aid of Racketeering Activity)

The Grand Jury further charges:

15. Paragraphs 12 and 13 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

16. On or about August 2, 2016, in the Southern District of New York, JAMMAL LINDO, a/k/a "Poppy," a/k/a "Ghost," JEAN BAPTISTE LESSAGE, a/k/a "Usher," and JALEEL BARON, a/k/a "Jah," a/k/a "Youngin," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Beach Avenue Crew, and for the purpose of gaining entrance to and maintaining and increasing position in the Beach Avenue Crew, an enterprise engaged in racketeering activity, as described above, intentionally and knowingly assaulted several individuals with a dangerous weapon; attempted to murder an individual; and aided and abetted the same, to wit, LINDO, LESSAGE, and BARON, the defendants, shot at a rival drug trafficker (Rival-1) and another individual ("Victim-1"), resulting in bodily injury to Victim-1, in the vicinity of 1801 Archer Street, Bronx, New York, and aided and abetted the same,

10

in violation of New York Penal Law, Sections 20.00, 125.25, 120.05, and 110.00.

(Title 18, United States Code,
Sections 1959(a)(3), 1959(a)(5), and 2.)

### COUNT FOUR
(Narcotics Conspiracy)

The Grand Jury further charges:

17. From at least in or about 2009, up to and including in or about February 2017, in the Southern District of New York and elsewhere, ALI HAMILTON, a/k/a "Smiley," JEAN BAPTISTE LESSAGE, a/k/a "Usher," DAVID BUCKHANON, a/k/a "Mase," JAMMAL LINDO, a/k/a "Poppy," a/k/a "Ghost," MAURICE SIMMONS, a/k/a "Momoneybagz," NORMAN EDWARDS, a/k/a "Hollywood," JALEEL BARON, a/k/a "Jah," a/k/a "Youngin," and KYLE MULLINGS, a/k/a "Kase," the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

18. It was a part and an object of the conspiracy that ALI HAMILTON, a/k/a "Smiley," JEAN BAPTISTE LESSAGE, a/k/a "Usher," DAVID BUCKHANON, a/k/a "Mase," JAMMAL LINDO, a/k/a "Poppy," a/k/a "Ghost," MAURICE SIMMONS, a/k/a "Momoneybagz," NORMAN EDWARDS, a/k/a "Hollywood," JALEEL BARON, a/k/a "Jah," a/k/a "Youngin," and KYLE MULLINGS, a/k/a "Kase," the defendants, and others known and unknown, would and did distribute and possess

11

with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

19. The controlled substance that ALI HAMILTON, a/k/a "Smiley," JEAN BAPTISTE LESSAGE, a/k/a "Usher," DAVID BUCKHANON, a/k/a "Mase," JAMMAL LINDO, a/k/a "Poppy," a/k/a "Ghost," MAURICE SIMMONS, a/k/a "Momoneybagz," NORMAN EDWARDS, a/k/a "Hollywood," JALEEL BARON, a/k/a "Jah," a/k/a "Youngin," and KYLE MULLINGS, a/k/a "Kase," the defendants, conspired to distribute and possess with the intent to distribute was 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, commonly known as "crack cocaine," in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

## COUNT FIVE
(Firearms Offense)

The Grand Jury further charges:

20. From at least in or about 2009 up to and including in or about February 2017, in the Southern District of New York and elsewhere, ALI HAMILTON, a/k/a "Smiley," JEAN BAPTISTE LESSAGE, a/k/a "Usher," DAVID BUCKHANON, a/k/a "Mase," JAMMAL LINDO, a/k/a "Poppy," a/k/a "Ghost," MAURICE SIMMONS, a/k/a "Momoneybagz," NORMAN EDWARDS, a/k/a "Hollywood," JALEEL BARON, a/k/a "Jah," a/k/a "Youngin," and KYLE MULLINGS, a/k/a "Kase,"

12

the defendants, during and in relation to a crime of violence and a narcotics trafficking crime for which they may be prosecuted in a court of the United States, namely, (i) the racketeering conspiracy charged in Count One of this Indictment and (ii) the narcotics conspiracy charged in Count Four [Five] of this Indictment, knowingly did use and carry firearms, and, in furtherance of such crimes, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, some of which firearms were brandished and discharged at rival gang members and rival drug traffickers.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii), and 2.)

## COUNT SIX
(Felon in Possession of Firearm)

The Grand Jury further charges:

21. On or about October 31, 2015, in the Southern District of New York, ALI HAMILTON, a/k/a "Smiley," the defendant, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce, a firearm, to wit, a Raven Arms .25 caliber pistol, which had previously been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Sections 922(g)(1).)

## FORFEITURE ALLEGATION AS TO COUNT ONE

22. The allegations contained in Count One of this Indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given to ALI HAMILTON, a/k/a "Smiley," JEAN BAPTISTE LESSAGE, a/k/a "Usher," DAVID BUCKHANON, a/k/a "Mase," JAMMAL LINDO, a/k/a "Poppy," a/k/a "Ghost," MAURICE SIMMONS, a/k/a "Momoneybagz," NORMAN EDWARDS, a/k/a "Hollywood," JALEEL BARON, a/k/a "Jah," a/k/a "Youngin," and KYLE MULLINGS, a/k/a "Kase," the defendants, that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963 in the event of any of these defendants' conviction under Count One of this Indictment.

23. ALI HAMILTON, a/k/a "Smiley," JEAN BAPTISTE LESSAGE, a/k/a "Usher," DAVID BUCKHANON, a/k/a "Mase," JAMMAL LINDO, a/k/a "Poppy," a/k/a "Ghost," MAURICE SIMMONS, a/k/a "Momoneybagz," NORMAN EDWARDS, a/k/a "Hollywood," JALEEL BARON, a/k/a "Jah," a/k/a "Youngin," and KYLE MULLINGS, a/k/a "Kase," the defendants:

    a. have acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which

interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

    b.  have an interest in, security of, claim against, and property and contractual rights which afford a source of influence over, the Enterprise named and described herein which the above-named defendants established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims, and rights are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2); and/or

    c.  have property constituting and derived from proceeds obtained, directly and indirectly, from the aforesaid racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

    24.  The interests of the above-named defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a) include the amount of gross proceeds received by the defendants derived from racketeering activities as alleged in Count One of this Indictment.

15

25.     The above-named defendants, and each of them, are jointly and severally liable for the forfeiture obligations as alleged above.

## Substitute Assets Provision

26.     If any of the property described above as subject to forfeiture, as a result of any act or omission of the above-named defendants:

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to, or deposited with, a third person;

    c.     has been placed beyond the jurisdiction of the Court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 1963(m), and 28 U.S.C. § 2461, to seek forfeiture of any other property of the above-named defendants up to the value of the forfeitable property.

(Title 18, United States Code, Section 1963.)

## FORFEITURE ALLEGATION AS TO COUNT FOUR

27.     As a result of committing the controlled substance offense charged in Count Four of this Indictment, ALI HAMILTON,

16

a/k/a "Smiley," JEAN BAPTISTE LESSAGE, a/k/a "Usher," DAVID BUCKHANON, a/k/a "Mase," JAMMAL LINDO, a/k/a "Poppy," a/k/a "Ghost," MAURICE SIMMONS, a/k/a "Momoneybagz," NORMAN EDWARDS, a/k/a "Hollywood," JALEEL BARON, a/k/a "Jah," a/k/a "Youngin," and KYLE MULLINGS, a/k/a "Kase," the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the offense and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense charged in Count Four of this Indictment.

## Substitute Assets Provision

28.  If any of the above-described forfeitable property, as a result of any act or omission of ALI HAMILTON, a/k/a "Smiley," JEAN BAPTISTE LESSAGE, a/k/a "Usher," DAVID BUCKHANON, a/k/a "Mase," JAMMAL LINDO, a/k/a "Poppy," a/k/a "Ghost," MAURICE SIMMONS, a/k/a "Momoneybagz," NORMAN EDWARDS, a/k/a "Hollywood," JALEEL BARON, a/k/a "Jah," a/k/a "Youngin," and KYLE MULLINGS, a/k/a "Kase," the defendants:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third person;

17

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

    (Title 21, United States Code, Section 853.)

_____
Foreperson            PREET BHARARA
                  United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

ALI HAMILTON, a/k/a "Smiley,"
JEAN BAPTISTE LESSAGE, a/k/a "Usher,"
DAVID BUCKHANON, a/k/a "Mase,"
JAMMAL LINDO, a/k/a "Poppy,"
a/k/a "Ghost,"
MAURICE SIMMONS, a/k/a "Momoneybagz,"
NORMAN EDWARDS, a/k/a "Hollywood,"
JALEEL BARON, a/k/a "Jah,"
a/k/a "Youngin," and
KYLE MULLINGS, a/k/a "Kase,"

Defendants.

**SEALED SUPERSEDING INDICTMENT**

S2 15 Cr. 854 (LTS)

(18 U.S.C. §§ 924(c), 1959, 1962,
1963, and 2;
21 U.S.C. §§ 846 and 853.)

_____
Foreperson.                    PREET BHARARA
                    United States Attorney.

Feb. 22, 2017
Filed Second Sealed Superseding Indictment
U.S.M.J. Debra Freeman