UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------x   MOTION FOR PRE-TRIAL
                                                                       BAIL CONDITIONS

UNITED STATES OF AMERICA

                                                                        S2 15 CR 854 (SHS)

v.

LESSAGE JEAN BAPTISTE
              Defendant
---------------------------------------------------x


DEFENDANT'S MOTION FOR PRETRIAL BAIL FOR DEFENDANT LESSAGE JEAN BAPTISTE


     The Defendant, through his counsel, respectfully moves this Court, on **June 27, 2018,** to grant defendant, Lessage Jean Baptiste reasonable pre-trial bail conditions and to vacate an order by the Honorable Katherine H. Parker, United States Magistrate Judge ordering that Mr. Baptiste be detained prior to trial. As grounds for this Motion the defendant relies on the following facts and authorities.

**BACKGROUND**
### A. The Charges, Mr. Baptiste's Arrest and Detention

     Mr. Baptiste has been charged via indictment with a Racketeering Conspiracy in violation of 18 USC 1962(d) and related charges.

     On or about March 8, 2017 Mr. Baptiste was arrested by law enforcement and charged with multiple offenses including 18 USC 1962 (RICO), 18 USC 924(c)(1)(Firearm possession in furtherance of the RICO) and 21 USC 846 (Narcotic conspiracy)and 841(b)(1)(A).

     Mr. Baptiste presented before the presiding Magistrate Judge and the case was adjourned. A bail application was reserved by counsel as proper background information was not readily available to counsel at the time of his arrest. Counsel was involved in three lengthy trials following this proceeding. On March 16, 2018 counsel was heard before the Hon. Magistrate Katherine H. Parker. The Government moved to detain Mr. Baptiste pending trial as a flight risk and danger to the

community. The undersigned countered with reasons why Mr. Baptiste is not a flight risk and is not a danger to the community including but not limited to: strong community ties, his 26 year residence in the community, his employment, and the weakness of the Government's case. After arguments by both parties Judge Parker ordered that Mr. Baptiste be detained pending trial.

**B.    Factual Background**

The allegations are that multiple law enforcement agencies were investigating a narcotics organization named the Beach Avenue Crew. It is the Government's position that Mr. Baptiste is a member of the Beach Avenue organization and that he participated in unlawful activity in furtherance of the group.

The Government has presented no evidence, however, that Mr. Baptiste participated in any shootings. He is alleged to have been present for an alleged shooting on August 2, 2016 but was clearly not the triggerman and did not have any weapon himself on the day in question. He was alleged to have participated in a slashing of an individual who is cooperating with the Government but the Government cannot tell the defense when the slashing occurred. The Government has relied on social media posts by codefendants but Mr. Baptiste's discovery reflects not one single post concerning criminal activity. Not a single piece of physical evidence exists to corroborate the case against Mr. Baptiste. The Government contends that Mr. Baptiste is a danger to the community and a risk of flight if released.

**STANDARD OF REVIEW**

"A District Court undertakes de novo review of a Magistrates Judge's decision to release or detain a defendant." *United States v. Jones*, 566 F. Supp. 2d 288, 289 (S.D.N.Y 2008). The Court must order detention if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. §3142(e).

**ARGUMENT**

Where an "offense for which the maximum sentence is life imprisonment" and "for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances

Act," 18 USC 3142(f)(1)(B)-(C), "it is presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." *Id*. 3142(e)(2). The Government, however, retains the burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community and by a preponderance of the evidence that the defendant poses a risk of flight. United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001) (per curiam).

Under 18 USC 3142(e), a district court has a duty to "engage in a two-step inquiry before ordering a defendant released or detained pending trial." *United States v. Shakur*, 817 F.2d 189, 194 (2d. Cir 1987). The district court must make a finding as to whether the defendant presents a risk of flight if not detained and if the district court concludes that the defendant is likely to flee, the court must determine whether there are conditions or a combination of conditions which reasonably will assure the presence of the defendant at trial if he is released." *Id*. at 195. Notably, there are "only a ***limited group*** of offenders who should be denied bail pending trial." *Id*. at 195.

To determine whether the presumptions of dangerousness and flight are rebutted, the district court considers: (1) the nature and circumstances of the crime charged; (2) the weight of the evidence against the defendant; (3) the history and circumstances of the crime charged; and (4) the nature and seriousness of the danger to the community or to an individual. *18 U.S.C. 3142(g)*.

Mr. Baptiste is not a danger to the community and does not a pose a flight risk.

**Mr. Baptiste is Not A Danger to the Community**

The Indictment in this case alleges that Mr. Baptiste was a member of the "Beach Avenue Crew" that operated in the vicinity of Beach Avenue in the Bronx County New York. Notwithstanding this allegation, the Indictment is devoid of any specifics related to what Mr. Baptiste did that would make him a "danger to the community." Rather, the Indictment simply has barebone allegations and tracks statutory language in order to charge a RICO violation.

Indeed, there is nothing in the Indictment indicating that Mr. Baptiste participated in any shootings, assaults or weapon possessions other than an alleged slashing where the cooperating witness cannot seem to recall when the incident occurred.

The Government previously argued that Mr. Baptiste was in the vicinity of a shooting *Gov't, March 6, 2018 transcript,* p. 7.

Additionally, there is no allegation that Mr. Baptiste was caught on wiretaps, controlled calls, texts, or any other intercepted communications between he or any other codefendant. There are no admissions to drug activity or violence. In essence, the Government is attempting to prove up a conspiracy through prior convictions and the use of cooperating witnesses entirely without a schread of physical evidence or surveillance.

Additionally, there is no evidence that Mr. Baptiste exercised influence over anyone or gave anyone instructions to commit acts of violence. A review of the discovery does not point to any evidence that Mr. Baptiste gave anyone orders, delegated any authority or disciplined anyone. On the contrary, there may be evidence that Mr. Baptiste communicates with persons or even knows persons that have allegedly committed acts of violence. Association, however, does not reflect complicity or involvement.

The Government's basic argument is going to be that Mr. Baptiste ***must*** be dangerous because they have evidence that he has communicated with people that are ***charged*** with violence or because he lives in the same area of Beach Avenue with people that are ***charged*** with violence he must be associated with their acts of violence.

**Mr. Baptiste Is Not a Risk of Flight**

As indicated above, Mr. Baptiste is charged with violating 18 USC 1962 and 21 USC 846 related to an alleged conspiracy to possess and distribute more than 280 grams of crack cocaine.

Mr. Baptiste has resided in the Bronx community for his entire life. He has not traveled extensively abroad and will provide his passport to the Government. He has family in

New York City and has worked full time hours as a union employee in construction and as an Uber driver.

**The Government has a weak case**

According to the Government this was a multi-year conspiracy investigated by multiple law enforcement agencies. The evidence provided against Mr. Baptiste, however, is meager in the context of other RICO and narcotic conspiracy charged cases in this District.

For example, according to the Government, Mr. Baptiste allegedly was at the scene of a shooting but was not in possession of any firearm used in the shooting. He participated in a slashing but the victim of the slashing cannot recall when it occurred. Mr. Baptiste has dealt in narcotics but his convictions in state court pre-date this conspiracy. Additionally, he was incarcerated when the alleged conspiracy was operating. No additional physical evidence exists to corroborate the narcotics counts specifically alleged against Mr. Baptiste nor is there a single piece of evidence collected via wiretaps, texts, calls, social media accounts that corroborate Mr. Baptiste's participation in a conspiracy allegedly occurring from 2009-2017. The Government did not seize any firearms from Mr. Baptiste.

The Government also alleges that Mr. Baptiste provided narcotics to other individuals or distributed narcotics to others. Yet the Government did not recover any narcotics from Mr. Baptiste and did not recover any narcotic proceeds from Mr. Baptiste. Moreover, the Government did not recover any ledgers or narcotic paraphernalia from Mr. Baptiste. Additionally, Mr. Baptiste is not on any surveillance possessing or distributing narcotics and he is not on any audio recordings discussing narcotics. Finally, there are no allegations that any undercover police officers purchased any narcotics from Mr. Baptiste or received narcotics from Mr. Baptiste for resale.

The weakness of the Government's case is magnified by the fact that this is a multi-year, multi-agency investigation and there is absolutely nothing tangible attaching or connecting Mr. Baptiste to any criminal conduct: no bank records, no audio recordings, no surveillance videos, no ledgers, no narcotics, no firearms and no admissions.

As such, because the Government's does not have a strong case, Mr. Baptiste has substantial community ties, he maintains employment in the community, he resides in the community and, he is clearly not a risk of flight in this case and is absolutely desirous of fighting these charges.

**CONCLUSION**

Because Mr. Baptiste is not a danger to the community or a flight risk, this case does not qualify as that "*limited group of offenders* who should be denied bail pending trial." *Shakur*, *supra*, at 195.

Accordingly, the Defense is suggesting any of the following options as bail packages that will undoubtedly assure the presence of Mr. Baptiste in court and protect the public from any danger:

1. $150,000.00 signature bonds.
2. Co-signed by three financially secure persons.
3. Intensive pre-trial supervision.
4. Travel restricted to the Southern and Eastern Districts of New York.
5. Surrender of travel documents.
6. One piece of real property with an equity of $300,000.00.
7. Telephone monitoring between the hours of 10:00 pm and 7:00 am. Essentially, Mr. Baptiste would have to be inside the house between the hours of 10:00 pm and 7:00 am and subjected to random telephone calls by Pre-trial services.
8. Electronic ankle monitoring and home confinement.

It is suggested that Mr. Baptiste be released after the required persons sign the bond and given 10 business days to meet any other requirements.

Dated: June 27, 2018
New York, New York

cc: AUSA Maurene Comey et. al.


Respectfully,
/s/ Matthew D. Myers
Matthew D. Myers