IAJQBAPp

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA

        v.                        15 CR 854 (SHS)
                                 Plea
LESSAGE JEAN BAPTISTE

               Defendant
------------------------------x

                               New York, N.Y.
                               October 19, 2018
                               2:15 p.m.


Before:

                    HON. SIDNEY H. STEIN
                              District Judge


                      APPEARANCES

GEOFFREY S. BERMAN
    United States Attorney for the
    Southern District of New York
JACOB E. WARREN
    Assistant United States Attorney

MYERS SINGER & GALIARDO LLP
    Attorney for Defendant
MATTHEW D. MYERS

IAJQBAPp

1          (Case called)

2          DEPUTY CLERK:  Counsel, please state your name for the

3  record.

4          MR. WARREN:  Good afternoon, your Honor.

5          Jacob Warren for the United States.

6          THE COURT:  Good afternoon.

7          MR. MYERS:  Matthew Myers for Mr. Jean Baptiste.

8          THE COURT:  Good afternoon.  And the defendant is

9  present.

10          Mr. Myers, do you have an application, sir?

11          MR. MYERS:  Yes, Judge.  At this time, my client

12  authorizes to enter a plea of guilty to Count Six of indictment

13  (S5) 15 CR 854.  I reviewed the agreement yesterday and today

14  with my client.

15          THE COURT:  Let me first -- we'll do it separately.

16  First, I will -- well, let me ask the parties.  Shall I arraign

17  him first on (S5), he will enter a plea of not guilty, and then

18  he will change the plea?

19          MR. MYERS:  Mere formality, but yes, go ahead, your

20  Honor.

21          MR. WARREN:  Yes, please, your Honor.

22          THE COURT:  All right.  Fine.

23          Mr. Jean Baptiste, what is your full name, sir?

24          THE DEFENDANT:  Lessage Jean Baptiste.

25          THE COURT:  Mr. Baptiste, have you received a copy of

1   superseding indictment (S5) 15 CR 854?

2           THE DEFENDANT:  Yes, sir.

3           THE COURT:  Did you read it?

4           THE DEFENDANT:  Yes, sir.

5           THE COURT:  Did you discuss it with your attorney?

6           THE DEFENDANT:  Yes, sir.

7           THE COURT:  Did he answer your questions?

8           THE DEFENDANT:  Yes, sir.

9           THE COURT:  How do you plead at this time to the

10  superseding indictment (S5)?  Guilty or guilty.

11          THE DEFENDANT:  Not guilty, sir.

12          THE COURT:  I accept that plea.

13          Now, Mr. Myers, you're indicating that your client

14  wants to switch the plea; is that correct?

15          MR. MYERS:  That's correct, after careful

16  consideration and discussions with the prosecution, he

17  authorized me to enter a plea of guilty to Count Six, narcotics

18  conspiracy to cover this same indictment.

19          THE COURT:  Now, let me ask the government:  Is the

20  document I have on my desk here that's signed identical to the

21  version that was forwarded to my chambers earlier in the week?

22          MR. WARREN:  Yes, your Honor.  This was the agreement

23  that we sent your chambers last night, I believe, approximately

24  5:30 p.m., your Honor.

25          THE COURT:  It's identical except for the fact that

1  it's signed?

2          MR. WARREN:  Yes, your Honor.

3          THE COURT:  Swear the defendant in, please.

4  Administer the oath.

5          (Defendant sworn)

6          DEPUTY CLERK:  Please state your name and spell your

7  name for the record.

8          THE DEFENDANT:  My name is Lessage Jean Baptiste.

9  First name L-E-S-S-A-G-E.  Last name J-E-A-N-B-A-P-T-I-S-T-E.

10          THE COURT:  Mr. Jean Baptiste, do you understand that,

11  sir, that you are now under oath, and if you answer any of my

12  questions falsely, your false or untrue answers may later be

13  used against you in another prosecution for perjury or for

14  making a false statement?

15          THE DEFENDANT:  Yes, your Honor.

16          THE COURT:  How old are you, sir?

17          THE DEFENDANT:  I'm 37, sir.

18          THE COURT:  How old?

19          THE DEFENDANT:  37.

20          THE COURT:  37.  How far did you go in school, sir?

21          THE DEFENDANT:  I graduated high school, sir.

22          THE COURT:  Are you able to read, write, speak and

23  understand English?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  Are you now or have you recently been

1    under the care of a doctor or a psychiatrist?

2              THE DEFENDANT:  No, sir.

3              THE COURT:  Have you ever been treated or hospitalized

4    for any mental illness or any type of addiction, including drug

5    or alcohol addiction?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  When was that?

8              THE DEFENDANT:  This is back in 2011, I went to a drug

9    treatment program.

10             THE COURT:  Residential?

11             THE DEFENDANT:  Outpatient, sir.

12             THE COURT:  All right.  And anything since then?

13             THE DEFENDANT:  No, sir.

14             THE COURT:  In the past 24 hours, have you taken any

15   drug, medicine, or pills or have you consumed any alcohol,

16   alcoholic beverage?

17             THE DEFENDANT:  No, sir.

18             THE COURT:  Is your mind clear today?

19             THE DEFENDANT:  Yes, sir.

20             THE COURT:  Are you feeling all right?

21             THE DEFENDANT:  I feel good, sir.

22             THE COURT:  Do you have an attorney here?

23             THE DEFENDANT:  Yes, sir.

24             THE COURT:  Who is that?

25             THE DEFENDANT:  Mr. Matthew Myers.

1    THE COURT:  Mr. Myers, do you have any doubt as to

2   Mr. Jean Baptiste's competence to plead at this time?

3    THE DEFENDANT:  No, your Honor.

4    THE COURT:  Now, you heard your attorney tell me a

5   moment ago that you wish to plead guilty.  Do you wish to enter

6   a plea of guilty, sir?

7    THE DEFENDANT:  Yes, sir.

8    THE COURT:  Have you had a complete opportunity to

9   discuss your case with Mr. Myers and to discuss the

10   consequences of entering a plea of guilty?

11    THE DEFENDANT:  Yes, sir.

12    THE COURT:  Are you satisfied with Mr. Myers and his

13   representation of you?

14    THE DEFENDANT:  Yes, sir.

15    THE COURT:  On the basis of Mr. Jean Baptiste's

16   responses to my questions and my observations of his demeanor

17   as he stands here before me, I make the finding that he is

18   fully competent to enter a plea at this time.

19    Before I accept a plea from you, sir, I'm going to be

20   asking you certain questions.  My questions are intended to

21   satisfy me that you wish to plead guilty because you are

22   guilty, and that you fully understand the consequences of

23   entering a plea of guilty.

24    I'm going to be describing to you certain rights you

25   have under the laws and the Constitution of the United States.

1   You are going to be giving up those rights if you enter a plea

2   of guilty.

3          Please listen to me carefully, and if you do not

4   understand anything I'm saying or anything I'm describing,

5   please stop me, and you can ask me anything you want.  You can

6   ask Mr. Myers anything you want at any time.  Do you understand

7   that?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  I want to make sure that you understand

10  what I'm asking you and understand what I'm saying to you.

11         Under the Constitution and laws of the United States,

12  sir, you have a right to a speedy and public trial by a jury on

13  the charges against you which are contained in indictment (S5)

14  15 CR 854.  Do you understand those rights?

15         THE DEFENDANT:  Yes, sir.

16         THE COURT:  If there were a trial, you would be

17  presumed innocent, and the government would be required to

18  prove you guilty by competent evidence and beyond a reasonable

19  doubt.  You would not have to prove that you were innocent at a

20  trial.  Do you understand that?

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  If there were a trial, a jury composed of

23  12 people selected from this district would have to agree

24  unanimously that you were guilty.  Do you understand those

25  rights?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  You have a right to be represented by an

3     attorney at the trial of this action and indeed at every stage

4     of the proceedings.  If you cannot afford an attorney, an

5     attorney will be given to you at no cost to you.  Do you

6     understand those rights?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  If there were a trial, you would have a

9     right to see and hear all of the witnesses against you.  Your

10    attorney could cross-examine them.  YOU would have a right to

11    have your attorney object to the government's evidence, and you

12    would have the right to have your attorney offer evidence on

13    your behalf if you wished, and you would also have the right to

14    have subpoenas issued or other compulsory process used to

15    compel witnesses to come into court and to testify on your

16    behalf.  Do you understand these rights?

17         THE DEFENDANT:  Yes, sir.

18         THE COURT:  If there were a trial, you would have the

19    right to testify if you wanted to, but no one could force you

20    to testify if you did not want to.  In addition, no inference

21    or suggestion of guilt could be drawn if you decided not to

22    testify at trial.  Do you understand those rights?

23         THE DEFENDANT:  Yes, sir.

24         THE COURT:  Do you understand that by entering a plea

25    of guilty today, you're giving up each and every one of the

1    rights I've described, you're waiving those rights, and that

2    you will have no trial?

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  Do you understand that you have the right

5    to change your mind right now, Mr. Jean Baptiste, and decline

6    to enter a plea of guilty.  You don't have to enter a plea of

7    guilty if you do not want to for any reason whatsoever.  Do you

8    understand?

9              THE DEFENDANT:  Yes, sir.

10             THE COURT:  Have you received a copy of indictment

11   (S5) 15 CR 854?

12             THE DEFENDANT:  Yes, sir.

13             THE COURT:  And you told me earlier you read it,

14   right?

15             THE DEFENDANT:  Yes, sir.

16             THE COURT:  And you discussed it with your attorney,

17   correct?

18             THE DEFENDANT:  Correct, sir.

19             THE COURT:  You have the right to have me read that to

20   you in open court, the entire superseding indictment.  If you

21   don't want me to read it, I won't.  If you do want me to read

22   it, I will.  What's your pleasure, sir?

23             THE DEFENDANT:  You don't have to, sir.

24             THE COURT:  I accept that as a knowing and voluntary

25   waiver to have the indictment read in open court.

1        Do you understand that in Count Six,

2   Mr. Jean Baptiste, you're charged with from 2008 until February

3   of 2017 conspiring to distribute and possess with intent to

4   distribute 280 grams and more of cocaine base, a detectable

5   amount of heroin and a detectable amount of marijuana.  Do you

6   understand that?

7        THE DEFENDANT:  Yes, sir.

8        THE COURT:  Do you understand that if you do not plead

9   guilty, the government would have to prove each and every part

10  or element of the charge in the indictment beyond a reasonable

11  doubt at a trial?

12       THE DEFENDANT:  Yes, sir.

13       THE COURT:  Government, set forth the elements of

14  Count Six that the jury would have to find were met beyond a

15  reasonable doubt before they could convict Mr. Jean Baptiste of

16  Count Six.

17       MR. WARREN:  Yes, your Honor.

18       First, that two or more persons entered the unlawful

19  agreement charged in Count Six of the indictment; and here,

20  that is a conspiracy to possess with the intent to distribute

21  mixtures and substances containing a detectable amount of 280

22  grams or more of mixtures and substances containing a

23  detectable amount of cocaine base, and as well as mixtures and

24  substances containing a detectable amount of heroin and a

25  detectable amount of marijuana.

1    And the second element, your Honor, that the defendant

2  intentionally and knowingly joined the conspiracy.

3    THE COURT:  Do you understand, Mr. Jean Baptiste, that

4  the maximum possible penalty of the crime to which you are

5  entering a plea of guilty is life in prison followed by a term

6  of supervised release of life, plus a maximum fine of the

7  greatest of $10 million or twice the gross pecuniary gain

8  derived from the offense or twice the gross pecuniary loss to

9  individuals other than you resulting from the offense, plus a

10  $100 mandatory special assessment?

11    THE DEFENDANT:  Yes, sir.

12    THE COURT:  And that's because the charge against you

13  in Count Six is for violation of 21 U.S.C. 841(b)(1)(A) and

14  841(b)(1)(C) and 841(b)(1)(D).  Do you understand that?

15    THE DEFENDANT:  Yes, sir.

16    THE COURT:  Now, I used the term supervised release.

17  That means you're going to be subject to monitoring upon your

18  release from prison, and that monitoring is to be under terms

19  and conditions that could lead to your reimprisonment without a

20  jury trial for all or part of the term of supervised release

21  and without credit for time previously served on post release

22  supervision if you violate any term or condition of supervised

23  release.

24    THE DEFENDANT:  Yes, sir.

25    THE COURT:  Now, I also can order restitution to

1 anyone injured as a result of your criminal conduct.  Do you

2 understand that?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  And I also have the authority to order

5 forfeiture of any of the proceeds of the criminal activity you

6 engaged in.  Do you understand that?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  Now, I told you what the maximum was under

9 the statute, but the particular statute to which you are

10 entering a plea of guilty for, sir, also contains a mandatory

11 minimum penalty.  In other words, I have to sentence you to the

12 mandatory minimum or above unless under very limited

13 circumstances not applicable here are complied with, and the

14 mandatory minimum on Count Six is a mandatory minimum sentence

15 of prison of ten years' imprisonment, plus a mandatory minimum

16 term of supervised release of five years.  Do you understand

17 that?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  Now, if I accept your guilty plea and

20 determine that you're guilty of Count Six, that determination

21 by me, sir, will deprive you of such valuable civil rights as

22 the right to vote, the right to hold public office, the right

23 to serve on a jury, and the right to possess any kind of

24 firearm.  Do you understand that?

25          THE DEFENDANT:  Yes, sir.

IAJQBAPp

1    THE COURT:  Mr. Myers, is your client a United States

2    citizen?

3    MR. MYERS:  Yes, Judge.

4    THE COURT:  Under current law, Mr. Jean Baptiste,

5    there are Sentencing Guidelines that judges such as myself must

6    utilize in applying the factors set forth in 18 U.S.C. 3553(a)

7    to determine what an appropriate sentence is in your case.

8    Have you talked to Mr. Myers about the Sentencing

9    Guidelines?

10    THE DEFENDANT:  Yes, sir.

11    THE COURT:  Do you understand I won't be able to

12    determine what the relevant guideline sentence is until after I

13    receive a presentence report that's going to be compiled by the

14    probation office.  Do you understand that?

15    THE DEFENDANT:  Yes, I understand.

16    THE COURT:  And you are going to be interviewed by the

17    probation department.  They're going to ask you a variety of

18    questions about yourself, your upbringing, your education,

19    crime, the crime itself and so forth.  Mr. Myers will have a

20    right to be there.  Please give them accurate and complete

21    information.

22    Once that report comes out, you and Mr. Myers and the

23    government will all have an opportunity to object to any of the

24    findings of fact there; and if you do or the government does

25    file objections, I then will adjudicate those objections and

1   decide what the appropriate findings of fact are.  Do you

2   understand that?

3            THE DEFENDANT:  Yes, sir.

4            THE COURT:  So I will determine what the appropriate

5   guideline range is based on that probation report and any other

6   submissions of the parties, but even after I determine what the

7   appropriate guideline range is, I have the ability to impose a

8   sentence based on a departure from the guidelines.  In other

9   words, I could go above the guideline range, I can go below the

10  guideline range based on a departure from the guidelines if I

11  feel there are grounds to do so.  Do you understand that?

12           THE DEFENDANT:  Yes, sir.

13           THE COURT:  And even after I do that, I then must

14  apply all of the factors in 18 United States Code, Section

15  3553(a) to determine what a reasonable and appropriate and fair

16  sentence is and one that's not greater than necessary to meet

17  the ends of the criminal justice system.  Do you understand

18  that process of sentencing, Mr. Jean Baptiste?

19           THE DEFENDANT:  Yes, I do, sir.

20           THE COURT:  Do you understand that you are going to be

21  sentenced to prison, and the system of parole that used to

22  exist in the federal criminal justice system no longer exists.

23  You will not be released any earlier on parole.  You will serve

24  your full sentence.  Do you understand that?

25           THE DEFENDANT:  Yes, sir.

1          THE COURT:  Now, if when you're sentenced, sir, you

2     decide that that's not the sentence you expected or it's not

3     the sentence Mr. Myers told you you would receive or the

4     government said you'd receive or might receive or could

5     receive, and if it is different from any of that, and different

6     from anything you thought it was going to be, you nonetheless

7     are going to be bound to this guilty plea, sir, and you won't

8     be allowed to withdraw it.  Do you understand that?

9          THE DEFENDANT:  Yes, sir.

10         THE COURT:  Now, I'm going to ask my deputy to mark

11    this document in my hands as Government Exhibit No. 1.  It's a

12    seven-page document dated October 18.  It's addressed to your

13    attorney, and it's signed by Lauren Schorr and another

14    Assistant United States Attorney.

15         I'm going to ask my deputy to mark it, and I'm asking

16    her to show you the last page on that document.  I'll refer to

17    that, sir, as the plea agreement.

18         Is that your signature on the last page

19    Mr. Jean Baptiste?

20         THE DEFENDANT:  Yes, it is, your Honor.

21         THE COURT:  Did you read that document before you

22    signed it?

23         THE DEFENDANT:  Yes, sir.

24         THE COURT:  Did you understand it before you signed

25    it?

1      THE DEFENDANT:  Yes, sir.

2      THE COURT:  Did you discuss it with Mr. Myers before

3   you signed it?

4      THE DEFENDANT:  Yes, sir.

5      THE COURT:  Does that letter agreement constitute your

6   complete and total understanding of the entire agreement

7   between the government, Mr. Myers and yourself?

8      THE DEFENDANT:  Yes, sir.

9      THE COURT:  Did you read it when you signed it?

10     THE DEFENDANT:  Yes, I did.

11     THE COURT:  Is everything about your plea and sentence

12  contained in that agreement?

13     THE DEFENDANT:  Yes, sir.

14     THE COURT:  Are there any side deals I should know

15  about?

16     THE DEFENDANT:  No, sir.

17     THE COURT:  Has anyone offered you any inducements or

18  threatened you or forced you to either plead guilty or to enter

19  into the plea agreement?

20     THE DEFENDANT:  No, sir.

21     THE COURT:  Do you understand that in this plea

22  agreement, you've admitted the forfeiture allegation in the

23  indictment, and you've agreed to forfeit to the United States

24  all property constituting or derived from any proceeds you

25  obtained as a result of the conspiracy alleged in Count Six?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Do you understand that you are giving up

3   your right to attack the sentence, and you're giving up your

4   right to collaterally attack the sentence --

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  -- if I sentence you to 188 months in

7   prison or fewer months.  Do you understand?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  Do you understand that you are waiving

10  your right to assert the statute of limitations as a defense to

11  this action?

12         THE DEFENDANT:  Yes, sir.

13         THE COURT:  Mr. Myers, are you aware of any valid

14  defense that would prevail at trial or know of any reason why

15  Mr. Jean Baptiste should not be permitted to plead guilty?

16         MR. MYERS:  No, your Honor.

17         THE COURT:  In your view, sir, is there an adequate

18  factual basis to support this plea?

19         MR. MYERS:  Yes, Judge.

20         THE COURT:  Government, is there an adequate factual

21  basis in the view of the government to support the plea?

22         MR. WARREN:  Yes, your Honor.

23         THE COURT:  Mr. Jean Baptiste, tell me now what you

24  did in connection with your plea of guilty to Count Six with

25  this superseding indictment (S5).

1           (Counsel and defendant consult)

2           THE DEFENDANT:  I conspired with others, your Honor.

3           THE COURT:  I'm sorry?

4           THE DEFENDANT:  I conspired with others to distribute.

5           THE COURT:  Well, when you say you conspired with

6  others, what do you mean?  Did you enter into an agreement with

7  somebody else?

8           THE DEFENDANT:  Yes, sir.

9           THE COURT:  And that was to distribute what?

10          THE DEFENDANT:  Cocaine, crack cocaine, sir.

11          THE COURT:  Crack and what else?

12          THE DEFENDANT:  Weed and heroin.

13          THE COURT:  Is weed marijuana?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  And what else?

16          THE DEFENDANT:  And heroin.

17          THE COURT:  Heroin.  All right.

18          Where was this distribution?  What county?

19          THE DEFENDANT:  County of the Bronx, New York.

20          THE COURT:  Did it last from approximately 2008 until

21  approximately 2017?

22          THE DEFENDANT:  Just about, sir.

23          THE COURT:  Did you take any steps in connection with

24  your agreement?

25          THE DEFENDANT:  Can you repeat that?

IAJQBAPp

1          THE COURT:  What did you do in connection with

2   distributing heroin, marijuana or crack?

3          THE DEFENDANT:  I sold in my neighborhood, sir.

4          THE COURT:  You sold it?

5          THE DEFENDANT:  Sold it, sir.

6          THE COURT:  All right.

7          When you did these things, sir, did you know that what

8   you were doing was wrong and illegal?

9          THE DEFENDANT:  Yes, sir.

10          THE COURT:  What evidence does the government have

11   against this defendant?

12          MR. WARREN:  Your Honor, the government would present

13   at trial seizures from Mr. Jean Baptiste personally of --

14          THE COURT:  Personally.

15          MR. WARREN:  Yes.

16          THE COURT:  In other words, it was on himself?

17          MR. WARREN:  Yes, your Honor.

18          THE COURT:  All right.

19          MR. WARREN:  As well as testimony from cooperating

20   witnesses who personally bought drugs from Mr. Jean Baptiste.

21   The seizures and all the purchases occurred in and around Beach

22   Avenue, which is in the Bronx, your Honor.

23          THE COURT:  And what drug did he have on him when he

24   was arrested?

25          MR. WARREN:  The seizures were crack cocaine, your

1  Honor.

2         THE COURT:  And you have testimony of cooperators in

3  regard to the other drugs?

4         MR. WARREN:  Yes.  Yes, your Honor.  As well as

5  seizures of the other drugs from Mr. Jean Baptiste's

6  co-conspirators.

7         THE COURT:  Mr. Jean Baptiste, how do you now plead to

8  the charge in indictment (S5) 15 CR 845?  Guilty or not guilty.

9         THE DEFENDANT:  Guilty, sir.

10        THE COURT:  Are you pleading guilty because you are

11 guilty?

12        THE DEFENDANT:  I'm pleading guilty because I am

13 guilty, sir.

14        THE COURT:  Are you pleading guilty voluntarily and of

15 your own free will?

16        THE DEFENDANT:  Yes, sir.

17        THE COURT:  Mr. Myers, do you want me to adduce

18 anything else on the allocution?

19        MR. MYERS:  No, Judge.  Those seizures were part of

20 our suppression hearing, just for clarity purposes, we had two

21 suppression hearings.  That's the sum and substance of what

22 they got off of Jean Baptiste.

23        THE COURT:  Thank you.

24        Government, do you wish any further questions?

25        MR. WARREN:  No, your Honor.  Thank you.

1    THE COURT:  Mr. Jean Baptiste, because you acknowledge

2 you are guilty as charged in Count Six, because I find you know

3 your rights and are waiving them knowingly and voluntarily,

4 because I find your plea is entered into knowingly and

5 voluntarily, and is supported by an independent basis in fact

6 containing each of the elements of the offense, I accept your

7 guilty plea, and I determine you to be guilty of Count Six of

8 this indictment.

9    I'm setting a date for sentencing of January 31 at

10 2:30 p.m.

11    Is there anything else?  Government?

12    MR. WARREN:  No, your Honor.  Thank you.

13    THE COURT:  Mr. Myers?

14    MR. MYERS:  Nothing further, Judge.

15    THE COURT:  Mr. Jean Baptiste, I'll see you on

16 January 31 at 2:30 or any adjourned date that I set.

17    Thank you, sir.

18    THE DEFENDANT:  Thank you, sir.

19    (Adjourned)

20

21

22

23

24

25