

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 10, 2019

**BY ECF**

The Honorable Sidney H. Stein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Lessage Jean Baptiste*,
              15 Cr. 854 (SHS)

Dear Judge Stein:

      The Government respectfully submits this letter in response to defendant Lessage Jean Baptiste's objections to the Presentence Report ("PSR") in the above-referenced case. The defendant's objections fall primarily within two categories: First, he objects to several factual statements in the PSR about his own offense conduct. Second, he objects to the calculation of his criminal history score under the United States Sentencing Guidelines. The Government opposes all of the defendant's objections and respectfully submits that the PSR accurately sets forth the relevant offense conduct and the applicable criminal history points for this defendant.

      Beginning with the offense conduct set forth in paragraphs 8 and 35, the defendant disputes the following facts: (1) the defendant conspired to distribute crack cocaine with co-defendant Ali Hamilton; (2) the defendant had a leadership role in criminal activity; (3) the defendant personally possessed a gun; (4) the defendant stabbed at least one rival gang member; (5) the defendant allowed a person to shoot at a rival gang member from the defendant's car. Notably, the second and third objection directly contradict the defendant's Guidelines stipulation on page 2 of his plea agreement, which expressly agrees that offense-level enhancements are warranted because the defendant possessed a firearm in connection with the offense of conviction and that the defendant was an organizer or leader of criminal activity.

      These facts are relevant conduct that the Court can and should consider at the defendant's sentencing, pursuant to Section 1B1.3(a) of the Guidelines. Among other things, Section 1B1.3 provides that sentencing courts should consider the entire range of a defendant's conduct, "regardless of the number of counts that are alleged or on which a conviction is obtained." U.S.S.G. § 1B1.3, comment. (backg'd). Even "[c]onduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range." *Id.* "[T]he relevant provision of section 1B1.3(a)(2) is to be interpreted broadly to include:

Hon. Sidney H. Stein
January 9, 2019
Page 2 of 4

conduct for which the defendant was acquitted; conduct related to dismissed counts of an indictment; conduct that predates that charged in the indictment; and conduct not charged in the indictment." *United States v. Silkowski*, 32 F.3d 682, 688 (2d Cir. 1994) (citations omitted); *see also United States v. Quintero*, 937 F.2d 95, 96-97 (2d Cir. 1991); *United States v. Reese*, 33 F.3d 166, 174 (2d Cir. 1994) ("[W]hen determining sentence, a sentencing court is free to consider hearsay evidence, evidence of uncharged crimes, dropped counts of an indictment and criminal activity resulting in acquittal.").

If the Court believes that resolution of the factual disputes raised by the defendant's objections will impact its sentencing determination, the Government is prepared to prove all of the contested facts at a *Fatico* hearing prior to the February 6, 2019 sentencing date. At such a hearing, the Government would anticipate calling multiple cooperating witnesses to testify regarding the defendant's actions during the course of the narcotics conspiracy to which he has pled guilty. The Government expects that this evidence would satisfy its burden of demonstrating the contested facts by a preponderance of the evidence. *See United States v. Garcia*, 413 F.3d 201, 220 n.15 (2d Cir. 2005); *United States v. Gaskin*, 364 F.3d 438, 464 (2d Cir. 2004). For example, one cooperating witness ("Witness-1") would be expected to testify, in substance and in part, to the following:

- The defendant regularly supplied Witness-1 with crack and powder cocaine in 2014 and 2015. During the course of these interactions, Witness-1 learned that the defendant supplied other drug dealers who sold crack on Beach Avenue, including Ali Hamilton, with crack cocaine. Among other things, Witness-1 had specific conversations with the defendant and with Hamilton in which both confirmed that the defendant supplied Hamilton with crack cocaine. Witness-1 observed both the defendant and Hamilton packaging crack cocaine for resale in the apartment of a crack user named "Papa."[1]

- In or about 2015, Witness-1 personally observed the defendant with a gun. The defendant explained that he carried the gun because of his conflicts with members of the Taylor Avenue Crew.

- In or about 2015, the defendant admitted to Witness-1 that years earlier the defendant stabbed a member of the Taylor Avenue Crew who went by the street name "Buddha."

- In or about 2015, the defendant had conversations with Witness-1 about preventing an outsider who went by the name "Butter" from dealing drugs in the territory where the defendant and his co-conspirators.[2]

---

[1] The Government expects the evidence will show that this is the same apartment where the defendant was arrested on January 4, 2014 with crack cocaine packaged for resale, which arrest was the subject of a suppression hearing before the Court on September 5, 2018.

[2] The Government expects the evidence at a hearing will show that the defendant exchanged text messages along these lines about "Butter" with Witness-1.

Hon. Sidney H. Stein
January 9, 2019
Page 3 of 4

As another example, a second cooperating witness ("Witness-2") would be expected to testify, in substance and in part, to the following:

- Between in or about 2008 and in or about 2015, Witness-2 was a member of the Taylor Avenue Crew, who sold crack cocaine and engaged in shootings as part of his crew membership. In or about 2008, the defendant sold crack with the Taylor Avenue Crew. Sometime that year, however, tensions arose between the defendant and the members of the Taylor Avenue Crew. As a result, members of the Taylor Avenue Crew, including Witness-2, assaulted the defendant.

- In response, the defendant carried out at least two attacks on members of the Taylor Avenue Crew. First, the defendant stabbed a member of Taylor who went by the street name "Buddha." Second, the defendant repeatedly struck Witness-2 with a piece of wood that had nails sticking out of it.

- Following these assaults, on at least one occasion, Witness-2 observed the defendant's car driving near Witness-2. As it approached, someone fired shots out of the defendant's car.

The Government expects that these two witnesses' testimony alone will demonstrate by a preponderance of the evidence that the defendant conspired with Ali Hamilton to distribute crack cocaine, was a leader of criminal activity on Beach Avenue, personally possessed a gun, personally engaged in violence, and encouraged others to engage in violence. The Government may also call additional witnesses and present additional evidence regarding these contested facts should the Court order a hearing.

Turning next to the criminal history set forth in paragraphs 57, 58, and 62 of the PSR, the Government maintains that the defendant's February 2004 conviction warrants three points and that the defendant's August 2011 conviction warrants two points. Indeed, the defendant stipulated to those same calculations on page 3 of his plea agreement, and defense counsel appears to agree with the Government that the plea agreement and PSR accurately calculate the defendant's criminal history points. Because these two convictions reflect distinct criminal conduct from the defendant's other prior convictions, and because both convictions were separated by new arrests from all of the defendant's other convictions, they warrant the points attributed to them in both the PSR and the plea agreement.

Hon. Sidney H. Stein
January 9, 2019
Page 4 of 4

    For the reasons set forth above, the Government respectfully submits that the defendant's objections to the PSR are baseless and should be rejected. To the extent the Court believes a hearing is appropriate to resolve the factual disputes regarding the defendant's offense conduct, the Government respectfully requests that any hearing be scheduled for February 4, 2019 or February 5, 2019 in order to both permit adequate time to prepare for a hearing and to avoid further delay of sentencing.

    Respectfully submitted,

    GEOFFREY S. BERMAN
    United States Attorney

By: __/s/Maurene Comey_____
    Maurene Comey
    Jessica Lonergan
    Karin Portlock
    Jacob Warren
    Assistant United States Attorneys
    Southern District of New York
    (212) 637-2324 / 1038 / 1589 / 2264

cc:    All Counsel of Record (by ECF)
       USPO Jonathan Bressor (by email)