

**Myers & Galiardo, LLP**

**Chrysler Building**
405 Lexington Ave. 64th Fl.
New York, NY 10174

*Attorneys at Law*

Tel: 212-986-5900
Fax: 212-986-6250

**BY ECF**

Honorable Sidney H. Stein                                      March 25, 2019
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: United States v. Ali Hamilton, et al.**
**(Lessage Jean Baptiste) 15 Cr. 854 (SHS)**

Your Honor:

  I write to request a short hearing to resolve whether or not there is a conflict of interest between Mr. Baptiste and Counsel.

  Mr. Baptiste attempted to file a short letter on ECF which was "bounced" because he did not follow proper filing procedures. In summary, he accuses Counsel of "not having his best interests in mind" in pursuing the proper remedy. He goes on to accuse Counsel of misleading him into taking a plea. He states, in essence, that our relationship has reached an "irreversible point" where we can no longer get along well enough for me to represent him at the sentencing or in the alternative submit a motion to withdraw his plea.

  First let me be crystal clear that Mr. Baptiste has never been misled in any way, shape, or form. He was facing over 40 years in a federal prison under the US Guidelines before I negotiated a lower agreement/offer. The indictment accused Baptiste of multiple counts of gun violence which included possession, brandishing, and discharge. Mr. Baptiste was the last defendant to plead guilty and claimed he wanted to proceed to trial at one point. I explained clearly that proceeding to trial was his absolute right and we proceeded under that mindset for an extended period of time. As we approached the trial date the prosecution offered a plea agreement which limited Mr. Baptiste exposure to the mandatory minimums under B1A narcotics counts but added a two-point enhancement for a gun under the Guidelines. If Mr. Baptiste were to be sentenced to the minimum of ten years on the narcotics count without getting a true Guideline sentence, he could avoid enhancements leading to higher prison terms. With that said, Mr. Baptiste decided to plead guilty. Upon finding out that he did not qualify for RDAP Drug Treatment Programs, he claims Counsel misled him on his original plea and now seeks to withdraw his plea.

Obviously, the Court must resolve this issue before sentencing which is slated for April 9, 2019.

I ask that the case be calendared on any of the following dates: Afternoon of March 27, Afternoon of March 28, any time on April 1, or any time on April 4.


Respectfully,

/s/ Matthew D. Myers
Matthew D. Myers
Counsel for Lessage Jean Baptiste


cc: AUSA Maurene Comey