## FREEMAN, NOOTER & GINSBERG
**ATTORNEYS AT LAW**

LOUIS M. FREEMAN                                           75 MAIDEN LANE
THOMAS H. NOOTER*                                              SUITE 503
LEE A. GINSBERG                                       NEW YORK, N.Y. 10038

                                                            (212) 608-0808
*NY AND CALIF. BARS                                   Cell: (917) 847-1361

July 13, 2022

Honorable Sidney H. Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312                         <u>Sentencing Submission</u>

RE:   <u>United States v. Lessage Jean Baptiste, 15 Cr. 854 (SHS)</u>

Your Honor:

     Because of the fact that the Court heard from my client in the Fatico hearing we had last month and in a letter he submitted to the Court "*pro se*" in which, while acknowledging some level of guilt, he continues to dispute some of the Guidelines enhancements, I am not going to submit a sentencing memorandum in the typical way. (ECF Document 542).

     I am first attaching a report from a psychologist and "mitigation specialist," Mark S. Silver, who did most of the preparation of it prior to my entry into the case and prior to the *Fatico* hearing, (but updated it somewhat as a result of the Fatico hearing testimony my client gave). I think it is relevant and revealing with respect to the difficulties of Mr. Jeanbaptiste's early life and the community in which he ended up living after coming to the United States from Haiti. I attach it as **Exhibit A**.

     I am also attaching a certificate of completion for a drug program that my client completed in jail before all of the programming ended at the MDC due to the pandemic and probably for other reasons related to the inability of MDC to function properly. I attach it as **Exhibit B**.

     Finally, I do have one substantive Guidelines calculation request which I thought was not relevant for purposes of the *Fatico* hearing (because it did not

seem to require any factual findings to be made beyond what the Court did make in its decision on the objections to the PSR), which is the following. I am asking the Court to calculate the Base Offense Level for this conspiracy using the 1 to 1 crack to cocaine ratio rather than the 28:1 crack to cocaine ratio used by the Probation Department at paragraph 46, page 11 of the PSR, following the guidance laid out by the Honorable Jed Rakoff in *United States v. Gardner*, 20 F. Supp. 3d 468 (S.D.N.Y. 2014, Rakoff, J.).

Judge Rakoff is following the guidance of the United States Supreme Court in *Kimbrough v. United States*, 552 U.S. 85 (2007) in which the Court stated that sentencing courts are free (because the Guidelines are not mandatory) to apply a more sensible and less draconian Guideline calculation in "crack" cases because of the inherent unfairness and racism caused by the Sentencing Commission's use of the 28 to 1 ratio when calculating the weight of the same substance (albeit in a different form). See *Kimbrough* at 552 U.S. 109. Judge Rakoff solicited arguments and other data from the government on why the disparity between the points calculation for the same weight of crack and cocaine was justified, and found that it was not justified, and recalculated the base offense level based on the same weight of cocaine powder. See *Gardner* at 473.  See also cases from the District of Connecticut: *United States v. Samas,* 2021 U.S. Dist. LEXIS 233578, No. 3:18-cr-00296 (JAM)(D. Conn. Dec. 7, 2021), *United States v. Jones*, 2019 U.S. Dist. LEXIS 218002,(D. Conn. Dec. 19, 2019); *United States v. Harris*, 2020 U.S. Dist. LEXIS 5132  (D. Conn. Jan. 13, 2020); and *United States v. Clark*, No. 3:12-cr-104 (SRU), 2021 U.S. Dist. LEXIS 9975 (D. Conn. Jan. 20, 2021).

In the Court's "Findings of Fact and Conclusions of Law" dated July 11, 2022, the Court adhered to the plea agreement in finding (over the defendant's objection) that the weight of crack to be applied for the count of conviction was between 280 and 840 grams. If that weight were treated the same as for powder cocaine the base offense level would be, at worst a level 24 ("at least 500 grams but less than 2 kilograms" from the Drug Quantity Table of U.S.S.G. § 2D1.1(c) (or, taking the lower amount of 280 grams, a level 18 ("at least 200 grams but less than 300 grams), or somewhere in between. Even at a base offense level of 24, when added to the enhancements for firearms and leadership, the Total Offense level would be 28 (assuming for the moment the Court did not grant any points for acceptance of responsibility), for a Guidelines range of 110 to 137 months (at Criminal History Category IV).

In fact, I think the Court should award the "acceptance of responsibility" points because of my client's admissions that he sold crack that were made at the *Fatico* hearing, which would reduce the sentencing range (for 26 points and criminal history category IV) to 92 to 115, which is below the mandatory minimum of 120 points.

I recognize that the *Kimbrough* case and Judge Rakoff's analysis applies to the Sentencing Guidelines and not to the mandatory minimum. Should Congress change the law on that (as is anticipated in proposed legislation called "The Equal Act" that has not yet passed), we are asserting that the Court should resentence my client. Given the current state of the law, however, we ask that the Court sentence Mr. Jeanbaptiste to 120 months, which, using the fairer 1 to 1 ratio, even with applying the Guidelines enhancements, would fall within (or over) the Guidelines range.

I thank the Court for Your Honor's consideration of these points.

Sincerely,

*/s/ Thomas H. Nooter*
Thomas H. Nooter
Attorney for Defendant

cc:   AUSAs Maurene Comey, Matthew Andrews, and Courtney Heavy, by ECF