UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

LESSAGE JEAN BAPTISTE,

Defendant.

15-CR-854 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

Defendant Lessage Jean Baptiste has moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c), the "compassionate release" statute. (ECF Nos. 560-561.)  In September 2022, Jean Baptiste was sentenced principally to a 120-month term of incarceration for conspiracy to distribute narcotics. At the time of Jean Baptiste's motion, he was incarcerated in FCI Fort Dix, but is now housed at a Residential Reentry Program location.

18 U.S.C. § 3582(c)(1)(A) permits a court to reduce a defendant's sentence if (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the reduction would be consistent with the factors set forth in 18 U.S.C. § 3553(a); and (3) the reduction would be consistent with any applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).[1]

Jean Baptiste's motion fails because he has not shown "extraordinary and compelling reasons" meriting a sentence reduction, and any reduction would not be consistent with the

---

[1] A defendant must also exhaust his administrative remedies prior to bringing suit. Because thirty days have lapsed "from the receipt of such a request by the warden of the defendant's facility," 18 U.S.C. § 3582(c)(1)(A), defendant has satisfied this requirement. (ECF No. 560, Ex. D.)

section 3553(a) factors. None of the reasons Jean Baptiste provides are sufficient—alone or in combination—to warrant a sentence reduction. The Court will address each in turn.

First, Jean Baptiste claims that in light of U.S. Attorney General Merrick Garland's December 2022 memorandum regarding charging, pleas, and sentencing (*see* ECF No. 560, Ex. A), Jean Baptiste's term of incarceration is too long. Jean Baptiste was sentenced in September 2022 pursuant to guidelines for distributing 280 to 840 grams of crack cocaine (*i.e.*, "Cocaine Base"). (*See* U.S. Sentencing Guidelines § 2D1.1(c)(5).) However, the Attorney General's memorandum directs prosecutors to "advocate for a sentence consistent with the guidelines for *powder* cocaine rather than *crack* cocaine." (ECF No. 560, Ex. A at 5 (emphasis added).) According to Jean Baptiste, his sentence would be lower if the memorandum was already in effect because he would have been sentenced according to the guideline for powder cocaine instead of crack cocaine.

However, at Jean Baptiste's sentencing, the parties and the Court were well-aware of the Department of Justice's support for legislation that would eliminate the powder-to-crack cocaine disparity. Both the defendant's and government's pre-sentencing submissions addressed this disparity and the issue was discussed further at Jean Baptiste's sentencing hearing. (*See* ECF Nos. 544, 546, 556.) Indeed, the Court sentenced Jean Baptiste to 120 months imprisonment—substantially below the guideline range of 151-188 months imprisonment—in part due to this disparity between the guidelines for crack and powder cocaine. (Sentencing Tr., ECF No. 556 at 22 ("I sentenced the defendant below the guideline

range in light of . . . the fact that there is disparity under the guidelines between crack cocaine and powdered cocaine.").) In any event, the Court sentenced Jean Baptiste to the applicable mandatory minimum of 120 months pursuant to 21 U.S.C. § 841(b)(1)(A), so a lesser sentence would not have been permitted even if the memorandum had been in effect. Finally, the Attorney General's memorandum merely advises prosecutors on charging and sentencing policy; it does not bind the Court's decisions. Accordingly, the publication of the Attorney General's memorandum is not an extraordinary and compelling reason warranting a sentence reduction.

Second, Jean Baptiste raises his family circumstances, including the need to support his daughter, his aging parents, and his older brother. Although inmates' family members undoubtedly face hardships while their loved ones are incarcerated, Jean Baptiste's circumstances do not satisfy the extraordinary and compelling reasons standard. As explained in *United States v. John*, the statute "authorizes release where the family circumstances are truly 'extraordinary and compelling,' and not merely the inevitable circumstances families face when a family member is incarcerated. Being separated from your wife and children and unavailable to care for aging parents are but two of the sad and inevitable consequences of incarceration." No. 15-CR-208, 2020 U.S. Dist. LEXIS 210355, at *7 (S.D.N.Y. Nov. 9, 2020).

Third, Jean Baptiste claims that a sentence reduction is warranted because of his health concerns, including asthma, low vitamin D, a family history of diabetes and hypertension,

3

and the inability to receive physical therapy. Based on the most recent health report attached to his motion, Jean Baptiste was prescribed an albuterol inhaler for asthma and medication for the vitamin D deficiency. (ECF No. 560, Ex. E.) He does not allege that those conditions present acute health risks or that he lacks any prescribed medication. Indeed, based on the medical reports provided, his health issues appear currently to be appropriately managed. (*Id*.) Although he may be at risk of developing diabetes and hypertension, Jean Baptiste has not alleged that he was in fact diagnosed with those conditions; certainly his attached medical reports do not reflect any such diagnosis. In addition, his claimed denial of access to physical therapy is not a basis for compassionate release. *See United States v. Guerra*, No. 10-CR-147, 2020 WL 6700084, at *3 n.4 (E.D.N.Y. Nov. 13, 2020) ("being denied physical therapy does not create an extraordinary or compelling basis to reduce [defendant's] sentence"). Jean Baptiste's medical concerns do not rise to the level of extraordinary and compelling.

Fourth, Jean Baptiste points to his record of rehabilitation, including vocational training in interior construction, electrical work, and sheet rock, as well as other courses offered in prison. While admirable, "a productive institutional record while incarcerated … is what is expected," *United States v. Saleh*, No. 93-CR-181, 2020 WL 3839626, at *4 (S.D.N.Y. July 8, 2020), and is not a basis for a sentence reduction here.

Finally, Jean Baptiste claims that the Covid-19 pandemic has made his period of incarceration more difficult. The Court appreciates that Covid-19 has caused hardship for

inmates, but Jean Baptiste does not identify any Covid-19-related difficulty that rises to the level of extraordinary and compelling. First, as discussed above, his medical conditions appear to be adequately managed. *See United States v. Nwankwo*, No. 12-CR-31, 2020 WL 2490044, at *1 (S.D.N.Y. May 14, 2020) ("[T]he risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease."). Similarly, at 42 years old, Jean Baptiste is not at particular risk for acute Covid-19 illness due to his age. *See id.; Guerra*, 2020 WL 6700084, at *3.

In sum, the Court finds that the conditions Jean Baptiste proffers do not constitute extraordinary and compelling reasons for a sentence reduction either separately or in tandem.

In addition, a reduction in Jean Baptiste's sentence would not be consistent with the section 3553(a) factors. Those factors require the Court to consider, *inter alia*, "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," as well as "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. §§ 3553(a)(2)(A), (a)(4)(A).

Here, Jean Baptiste pled guilty to conspiring to distribute up to 840 grams of cocaine, heroin, and marijuana, over nearly a decade. In addition, he was a leader of a narcotics distribution gang, carried a firearm, got into two fights during which he cut members of a rival gang, and permitted other gang members to shoot at a rival gang from his car. (*See* ECF No. 504 at 9-10.) Even so, he was sentenced below the Sentencing Guidelines range to the minimum sentence permitted by statute. Releasing Jean Baptiste at this time would neither reflect the seriousness of his offenses nor provide just punishment as required under section 3553(a).

Jean Baptiste has not shown that a reduction in his sentence is warranted. Not only has he failed to demonstrate the "extraordinary and compelling reasons" that would justify a reduction, but such a reduction would be inconsistent with the factors set forth in 18 U.S.C. § 3553(a). Accordingly, Jean Baptiste's motion for a sentence reduction is denied.

The Clerk of Court is directed to mail a copy of this Order to defendant at the following address: Lessage Jean Baptiste [78820-054], RRM New York, 201 Varick Street, Room 849, New York, NY 10014.

Dated:  New York, New York
       July 16, 2024

SO ORDERED:

Sidney H. Stein, U.S.D.J.

6